UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL O. PRICE,

    Plaintiff,

  v.                                     Case No. 18-CV-1059

RANDY GOODCHILD, et al.,

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S MOTION
## FOR LEAVE TO FILE AMENDED COMPLAINT

On July 11, 2018, Paul O. Price filed a complaint against his former employer, Erickson Ambulance, LLC, as well as various employees of Erickson. (Docket # 1.) Price alleges that he was discriminated against based on his race. Price seeks leave to file an amended complaint against the defendants to correct information regarding the parties and to clarify the allegations. (Docket # 21.) For the reasons stated below, Price's motion is granted.

## ANALYSIS

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading has been filed, a party may amend his or her pleading only by leave of court or by written consent of the adverse party. Rule 15(a)(2) states that the court "should freely give leave when justice so requires." But when a party seeks to amend the pleadings after the time for doing so has passed as determined by the court's scheduling order, a two-step process applies. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). First, a court is entitled to apply the heightened good cause standard of Rule 16(b)(4), under which the primary consideration for

the court is the diligence of the party seeking amendment. *Id*. at 720. Then, the court considers whether the proposed amendment should be allowed under Rule 15(a)(2), which provides that leave to amend may not be appropriate where the amendment may cause undue delay or prejudice or where it would be futile. *Id.*; *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). With the interplay of these two rules, the court is called to balance both Rule 15's liberal policy that cases generally should be decided on the merits and not on the basis of technicalities, *Stern v. United States Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977), and Rule 16's aim to prevent parties from delaying or procrastinating and to keep the case moving toward trial, *Alioto*, 651 F.3d at 720.

As an initial matter, the time for filing a response to Price's motion for leave to file an amended complaint has passed and the defendants have not objected to the motion. Civil L. R. 7(b) (E.D. Wis.). Price states that he is filing an amended complaint to correct information regarding the parties and to more clearly articulate the allegations. (Docket # 21 at 2.) Price argues that during discovery, he found some minor factual errors in the original complaint and discovered some additional information as to the defendants, the allegations, and the applicable federal laws. (*Id.*) Price argues his proposed amended complaint does not change the nature of the relief requested and was filed in good faith as reasonably possible after he discovered the errors and additional information. (*Id.*)

Price's amended complaint does not significantly alter the original complaint. It does not add any parties or causes of action. Discovery has not yet closed in this case and there is no trial date yet on the calendar. (Docket # 20.) Given the defendants do not object to the motion and the proposed amendment will not delay the case, Price's motion for leave to file an amended complaint is granted.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Price's Motion to Amend Complaint (Docket # 21) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 9th day of January, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge